PER CURIAM.
After a trial by jury appellant was convicted and sentenced for two counts of armed robbery and one count of aggravated battery with a firearm. The charges arose from an episode in which appellant, accompanied by others, robbed two individuals at gunpoint and randomly shot one of the victims in the leg before fleeing from the scene. On appeal, the public defender has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no reversible error occurred in the trial and convictions as charged. No brief has been filed by appellant, although he was afforded an opportunity to do so.
Upon our review of the entire record, we have determined that no reversible error occurred in the trial and convictions, and that the judgments of conviction must be affirmed. However, we find that an error did occur in the trial court’s sentencing of appellant.
Appellant was sentenced as a habitual violent felony offender on each of the offenses. On each of the two armed robbery charges appellant was sentenced to life, with no eligibility for parole for 15 years, the sentences to run concurrently. On the charge of aggravated battery with a firearm, appellant was sentenced to 30 years with no eligibility for parole for 15 years, to run concurrently with the robbery sentences. In addition, on each of the three charges, appellant was sentenced under section 775.087(2), Florida Statutes, to an additional mandatory period of three years for the use of a firearm, to be served consecutive to the 15-year mandatory minimums imposed for each offense. Thus, appellant received a mandatory minimum on each count of eighteen years. As we recently held in Jones v. State, 667 So.2d 349 (Fla. 1st DCA 1995), it is error to impose a three-year minimum mandatory sentence for use of a firearm together with a 15-year minimum mandatory sentence as a habitual violent felony offender for offenses that arose from a single criminal episode.
*638 We also find that an attorney’s lien was imposed apparently without notice and opportunity for appellant to contest the amount. On authority of McCray v. State, 671 So.2d 246 (Fla. 1st DCA 1996), we vacate the lien and direct that on remand the lien may be reimposed after due notice and opportunity for appellant to be heard.
The convictions are accordingly AFFIRMED, but we vacate the three-year mandatory minimum portion of each sentence and REMAND for resentencing consistent with this opinion. It is not necessary that appellant be present for resentencing.
MINER and LAWRENCE, JJ., and SMITH, Senior Judge, concur.